UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENDALE SCOTT (#614378)　　　　　　　　　　　　CIVIL ACTION

VERSUS

DARREL VANNOY, ET AL.　　　　　　　　　　　　NO. 18-182-JWD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 16, 2019.

　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　RICHARD L. BOURGEOIS, JR.
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENDALE SCOTT (#614378)                                        CIVIL ACTION

VERSUS

DARREL VANNOY, ET AL.                                          NO. 18-182-JWD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as supplemented. The petitioner, Kendale Scott, challenges his conviction, entered in 2013 in the Twentieth Judicial District Court for the Parish of East Feliciana, State of Louisiana, on one count of second degree murder. The petitioner contends that (1) the state appellate court failed to fully address his assignment of error regarding the improper admission of other crimes evidence, (2) the state appellate court applied the wrong standard when considering his error regarding the failure to grant a mistrial, (3) trial counsel was ineffective for failing to object to statements made by the prosecutor regarding eyewitness testimony during opening statements, and (4) trial counsel was ineffective for failing to challenge the sufficiency of the evidence.

**Factual Background**

The facts, as accurately summarized in the decision of the Louisiana First Circuit Court of Appeal (*State v. Scott,* 13-2061 (La. App. 1 Cir. 5/2/14), 2014 WL 3843865), are as follows: In June 2012, the petitioner lived with Lisa Keller (his girlfriend), three of her children, her mother (Katherine Hartman—the victim), and Naomi Wheat. They all resided in the victim's trailer on Highland Drive in Ethel. The petitioner and the victim had previously had

disagreements and altercations, including one incident around May 12, 2012, in which defendant allegedly struck the victim several times.

On June 24, 2012, the petitioner was at the Highland Drive residence with Wheat, Keller's children, the victim, and Shedrick Law, a visiting friend. Keller was working at an area nursing home. In the afternoon, the victim fell asleep on a sofa in the living room. Shortly thereafter, the petitioner retrieved his .22 caliber rifle from the rear of the house and entered the living room with it. He instructed Law to take the children outside to play. Law complied, and within a few minutes, he and the children heard a gunshot. Upon hearing the shot, Law walked to the trailer and observed the petitioner still holding the rifle.

Upon reentering the house, Keller's teenage son saw his grandmother's body on the couch in the living room. She was dead from a gunshot wound to her forehead. The petitioner instructed him to help Wheat clean the sofa and wrap the victim in blankets and plastic garbage bags. Keller's son complied, and he subsequently accompanied the petitioner and Law to dump the victim's body at an isolated location off Lane Road in Ethel.

On June 26, 2012, Lisa Keller filed a missing persons report with the East Feliciana Parish Sheriff's Office. During his investigation of that report, Detective Kevin Garig received information from both a concerned citizen and a confidential informant that led him to believe that the victim had been murdered. On July 6, 2012, Detective Garig executed a search warrant on the residence, and he interviewed everyone present at the home. Following those interviews, he located the victim's body where it had been dumped. He subsequently arrested the petitioner, Keller, Wheat, and Law for the victim's murder.

**Procedural History**

After a trial by jury conducted in July and August, 2013, the petitioner was found guilty of second degree murder. The petitioner was sentenced on August 20, 2013, to life imprisonment without the benefit of probation, parole or suspension of sentence. The petitioner thereafter appealed his conviction through his attorney.

On May 2, 2014, the petitioner's conviction and sentence were affirmed by the Louisiana Court of Appeal for the First Circuit. *See State v. Scott,* 13-2067 (La. App. 1 Cir. 5/2/14), 2014 WL 38438659. The petitioner's application for supervisory review in the Louisiana Supreme Court was denied on January 9, 2015 and certiorari was denied by the Supreme Court of the United States on June 8, 2015. *See State v. Scott*, 14-1156 (La. 1/9/15), 157 So. 3d 597 and *Scott v. Louisiana*, 135 S.Ct. 2812 (2015).

On or about May 13, 2016, the petitioner filed an application for post-conviction relief in the state district court, which was dismissed by the trial court on June 2, 2016. The plaintiff sought further review which was denied by the Louisiana Court of Appeal for the First Circuit on September 22, 2016 and by Louisiana Supreme Court on February 9, 2018. *See State ex rel. Scott v. State*, 16-2007 (La. 2/9/2018), 235 So.3d 1095. On February 23, 2018, the petition filed the instant application for a writ of habeas corpus.

**Standard of Review**

The standard of review in this Court is that set forth in 28 U.S.C. § 2254(d). Pursuant to that statute, an application for a writ of habeas corpus shall not be granted with respect to any claim that a state court has adjudicated on the merits unless the adjudication has "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a

decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Relief is authorized if a state court has arrived at a conclusion contrary to that reached by the Supreme Court on a question of law or if the state court has decided a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 413 (2000). Relief is also available if the state court has identified the correct legal principle but has unreasonably applied that principle to the facts of the petitioner's case or has reached a decision based on an unreasonable factual determination. *See Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Mere error by the state court or mere disagreement on the part of this Court with the state court determination is not enough; the standard is one of objective reasonableness. *Id. See also Williams v. Taylor*, *supra*, 529 U.S. at 409 ("[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable"). State court determinations of underlying factual issues are presumed to be correct, and the petitioner has the burden to rebut that presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The State contends that, applying this standard to the petitioner's claims, there is no basis for the granting of habeas relief.

### Substantive Review

### *Claims (3) and (4): Ineffective Assistance of Counsel*

First, with regards to the petitioner's claims of ineffective assistance of counsel, a habeas petitioner who asserts that he was provided with ineffective assistance of counsel must affirmatively demonstrate (1) that his counsel's performance was "deficient", *i.e.*, that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the

defendant by the Sixth Amendment; and (2) that the deficient performance prejudiced his defense, *i.e.*, that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial in which the result is reliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The petitioner must make both showings in order to obtain habeas relief based upon the alleged ineffective assistance of counsel. *Id*.

To satisfy the deficiency prong of the *Strickland* standard, the petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards. *See,* e.g.*, Martin v. McCotter*, 796 F.2d 813, 816 (5th Cir. 1986). The reviewing court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence and that, under the circumstances, the challenged action might be considered sound trial strategy. *See,* e.g., *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988). This Court, therefore, must make every effort to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time of trial. *Martin v. McCotter*, *supra*, 796 F.2d at 817. Great deference is given to counsel's exercise of professional judgment. *Bridge v. Lynaugh*, *supra*, 838 F.2d at 773; *Martin v. McCotter*, *supra*, 796 F.2d at 816.

If the petitioner satisfies the first prong of the *Strickland* test, his petition nonetheless must affirmatively demonstrate prejudice resulting from the alleged errors. *Earvin v. Lynaugh*, 860 F.2d 623, 627 (5th Cir. 1988). To satisfy the prejudice prong of the *Strickland* test, it is not sufficient for the petitioner to show that the alleged errors had some conceivable effect on the outcome of the proceeding. *Strickland v. Washington*, *supra*, 466 U.S. at 693. Rather, the petitioner must show a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. *Martin v. McCotter*, *supra*, 796 F.2d at 816. The

habeas petitioner need not show that his counsel's alleged errors "more likely than not" altered the outcome of the case; he must instead show a probability that the errors are "sufficient to undermine confidence in the outcome." *Id*. at 816-17. Both the *Strickland* standard for ineffective assistance of counsel and the standard for federal habeas review of state court decisions under 28 U.S.C. § 2254(d)(1) are highly deferential, and when the two apply in tandem, the review by federal courts is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). The foregoing showing is one that the petitioner cannot make in the instant case.

### *Claim (3)(A): Eyewitness Testimony*

The petitioner alleges that his trial counsel was ineffective for failing to object during the prosecutor's opening argument in which the prosecutor stated that the State would present eyewitness testimony. The petitioner asserts that this counsel should have objected since the State was not going to present any testimony by any witness who personally saw the petitioner shoot the victim.

An attorney's failure to object does not constitute deficient representation unless there is a sound basis for the objection. *Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997). Stated differently, a futile or "meritless objection cannot be grounds for a finding of deficient performance." *Id*.

A review of the record reveals that at no time during her opening statement did the prosecutor state or imply that any witness would testify that he or she personally saw the petitioner shoot the victim. Prior to the complained of statements regarding eyewitness testimony, the prosecutor gave a brief synopsis of what each witness would testify too, namely that the petitioner was seen pointing a gun at the victim just minutes prior to the time she was

shot, and the events they observed following the shooting. Furthermore, throughout the trial the witness testimony was clear that none of the witnesses actually saw the petitioner shoot the victim.

### *Claim (3)(B): Statements of Naomi Wheat*

The petitioner further asserts that his trial counsel was ineffective for failing to object during the prosecutor's opening argument due to the prosecutor's use of the out-of-court statements of Naomi Wheat. Though it was established at trial that Naomi Wheat was the only other person present in the residence besides the victim and the petitioner when the shooting occurred, at no time did the prosecutor refer to any statement by Wheat nor did the prosecutor impliedly refer to any statement by Wheat. Rather, as discussed above, the eyewitness testimony the prosecutor referred to was of those witnesses who saw the petitioner pointing a gun at the victim shortly before she was shot, and what they observed following the shooting. As such, the petitioner has shown neither deficient performance nor prejudice with regards to this claim. Any objection during the prosecutor's opening statement would have been meritless.

### *Claim (4): Sufficiency of the Evidence*

The petitioner alleges that the evidence against him, namely the impeached testimony of the trial witnesses, was not sufficient to support his conviction and his trial counsel failed to challenge the sufficiency of the evidence. A review of the record reveals that the petitioner's trial counsel, by way of post-trial motions, did challenge the sufficiency of the evidence and his motions were denied by the trial court. Counsel's unsuccessful efforts do not equate to deficient or prejudicial performance.

Additionally, it appears that that the petitioner is generally attacking the credibility of the witnesses. Applying the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the

trial court concluded that there was sufficient evidence to support the conviction. Credibility determinations are squarely within the province of the trier of fact. Witness credibility is an issue for the jury, not a federal *habeas* court. Where a petitioner's insufficient evidence claim is based on the credibility of a witness, a federal *habeas* court generally will not grant relief. *See Schlup v. Delo*, 513 U.S. 298, 330 (1995) ("[U]nder *Jackson*, the assessment of the credibility of witnesses is generally beyond the scope of review."); *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005) ("All credibility choices and conflicting inferences are to be resolved in favor of the verdict."); *McCowin v. Scott*, No. 93–5340, 1994 WL 242581, at *2 (5th Cir. May 26, 1994) (A "challenge of the jury's credibility choice fails to satisfy the *Jackson* standard for habeas relief.").

The jury was well within its role and acted quite reasonably when it credited the prosecution witnesses. As noted by the trial court in denying the petitioner's application for post-conviction relief, there were many witnesses whose testimony was not suspect. For example, Aaliya Keller testified that the petitioner was pointing a gun at her grandmother (the victim) as she lay sleeping on the couch when the petitioner instructed her and her siblings to go outside with Shedrick Law. Minutes later she heard a gunshot, and when she reentered the residence, she was instructed by the petitioner to go into a back bedroom. When she later exited the bedroom, her grandmother was gone. Other witnesses, such as Shedrick Law, who was thoroughly cross-examined about a plea deal offered in exchange for his testimony, testified that after hearing a gunshot he reentered the residence and saw the petitioner with a gun in his hand, and the victim was dead on the couch. Additionally, the witnesses testified that the petitioner himself told Shedrick Law that he was going to shoot the victim shortly before the shooting occurred, and following the shooting told Lisa Keller that he had shot the victim.

Furthermore, the physical evidence corroborated the witness testimony. A couch cushion tested presumptively positive for blood and the victim was identified as the major DNA contributor. A cartridge casing recovered in the same room was a direct match with the gun that the petitioner was seen holding by Keller, Law, and another witness. Additionally, the DNA of Naomi Wheat could not be excluded from a glove which corroborates the witness testimony that the petitioner directed Gerald Keller, Jr., the victim's grandson, Shedrick Law, and Naomi Wheat to clean up the crime scene and move the victim's body outside. Specifically, there was testimony that Wheat was wearing gloves and cleaned the aforementioned couch cushion.

For the reasons noted above and by the state court, the evidence presented in the instant case, viewed in the light most favorable to the prosecution, was sufficient for any rational trier of fact to find the petitioner guilty beyond a reasonable doubt. Therefore, he cannot show that the state court's decision rejecting his claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Accordingly, to the extent the petitioner is challenging the sufficiency of the evidence, his claim is without merit.

### *Claim (1): Admission of Other Crimes Evidence*

The petitioner argues that the state appellate court failed to fully address his assignment of error regarding the improper admission of other crimes of evidence with regards to the testimony of Lisa Scarbrough. At trial, Scarbrough was allowed to testify that the petitioner shouted to her, "I killed one. I can kill another, bitch." This testimony was admitted by the trial court as an admission to the petitioner's guilt in a homicide. The testimony was not admitted as other crimes evidence. As such, the state appellate court reviewed the admission of the

testimony by the trial judge as a confession or personal admission for error and determined that the trial court did not err or abuse its discretion in admitting the statement.

A federal court does "not sit as [ a] 'super' state supreme court in a habeas corpus proceeding to review errors under state law." *Wilkerson v. Whitley,* 16 F.3d 64, 67 (5th Cir. 1994). Habeas corpus review is limited to questions of constitutional dimension, and federal courts generally do not review the admissibility of evidence under state law. *Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991); *Gonzales v. Thaler,* 643 F.3d 425, 429 (5th Cir. 2011); *Jernigan v. Collins,* 980 F.2d 292, 298 (5th Cir. 1992).

States are free to implement procedures regarding the admission and/or exclusion of evidence, provided those procedures do not infringe on a constitutional guarantee. *Burgett v. Texas,* 389 U.S. 109, 113–14 (1967); *Pemberton v. Collins,* 991 F.2d 1218, 1223 (5th Cir. 1993). The petitioner's claim that the trial court erred in admitting evidence of his statement to Scarbrough may support federal habeas corpus relief *only* if the state court's evidentiary ruling was sufficiently egregious to render the trial fundamentally unfair or to violate an explicit constitutional right. *Peters v. Whitley,* 942 F.2d 937 (5th Cir. 1991); *Edwards v. Butler,* 882 F.2d 160, 164 (5th Cir. 1989). The challenged evidence must be "a crucial, critical, or highly significant factor in the context of the entire trial." *Thomas v. Lynaugh,* 812 F.2d 225, 230 (5th Cir. 1987); *accord Gonzales v. Thaler,* 643 F.3d at 430; *Wood v. Quarterman,* 503 F.3d 408, 414 (5th Cir. 2007).

In the instant matter, the petitioner was charged with one count of second degree murder. The challenged evidence was neither crucial, critical, or a highly significant factor in the context of the petitioner's trial. Within the context of the entire trial its admission was harmless considering the substantial evidence of the petitioner's guilt. Any prejudicial effect was not a

substantial or crucial factor in the determination of the petitioner's guilt of the charge of second degree murder.  As such, this claim is without merit.

### *Claim (2):  Failure to Grant Mistrial due to Admission of Other Crimes Evidence*

The petitioner asserts that the trial court erred in failing to grant a mistrial when Lisa Keller testified that she reported her mother as missing because she and her children were threatened, and that the state appellate court failed to fully address his assignment of error regarding the same.  The state appellate court found, pursuant to state law, that a mistrial was not mandatory because the testimony regarding other crimes given by Keller was not deliberately elicited by the prosecutor.  Accordingly, the state appellate court then determined if the trial court's admonition regarding the testimony of Keller was not sufficient to assure the petitioner a fair trial, and found that the petitioner suffered no clear prejudice.

The petitioner's contention that the state trial court erred in failing to grant a mistrial under state law, and any alleged error on the part of the state appellate court upon review of the same, is not a proper consideration on habeas review.  *See Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5th Cir. 1988) (the failure to grant a mistrial is a matter of state law and not one of a constitutional dimension); *Haygood v. Quarterman*, 239 F. App'x. 39, 42 (5th Cir. 2007) (state court's denial of a motion for a new trial does not necessarily constitute a violation of a federal constitutional right) (*citing Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991)).  A state court's denial of a motion for mistrial will trigger federal habeas corpus relief only if it was "'error ... so extreme that it constitutes a denial of fundamental fairness under the Due Process Clause.'"  *Hernandez v. Dretke*, 125 F. App'x. 528, 529 (5th Cir. 2005) (*quoting Bridge v. Lynaugh,* 838 F.2d 770, 772 (5th Cir. 1988)).  A trial is fundamentally unfair only when there is a reasonable probability that the verdict might have been different had the trial been properly

conducted. *Kirkpatrick v. Blackburn*, 777 F.2d 272, 279 (5th Cir. 1985). A habeas petitioner must show that "the trial court's error had a 'substantial and injurious effect or influence in determining the jury's verdict.'" *Hernandez*, 125 F. App'x. at 529 (*citing Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).

The question of fundamental fairness at trial under the Due Process Clause presents a mixed question of law and fact. *Wilkerson v. Cain*, 233 F.3d 886, 890 (5th Cir. 2000); *see Livingston v. Johnson*, 107 F.3d 297, 309 (5th Cir. 1997) (whether evidence is admitted or excluded contrary to the Due Process Clause also is a mixed question of law and fact). The court must determine whether the denial of relief by the state courts was contrary to or an unreasonable application of federal law.

In the instant matter, Keller was asked why she reported her mother missing and she responded, "Um, because I was being threatened. Me and my children were both – all of us were being threatened that if I didn't do it I would be taken out and then never be found again…and so would by children." Trial counsel for the petitioner objected during this testimony and the jury was removed from the courtroom, while counsel moved for a mistrial. The trial judge denied the motion for a mistrial, and gave Keller specific instructions not to give any further testimony about threats made to her or her children that were either direct or implied. When the jury was returned to the courtroom the trial judge gave the following admonition, "You are totally to disregard what she said in that area. You are not to consider that under any circumstances when you retire to deliberate on this case. She should not have said those things. It was not requested by the District Attorney, nor was it requested by the defense lawyer. She said those things. She shouldn't have said those things. And outside your presence I've cautioned her, and I've ordered her to be careful what she says."

In light of the substantial evidence of the petitioner's guilt, the petitioner has not shown that his trial was made unfair by Keller's brief testimony regarding what she perceived to be a threat to which no details as to the identity of the person making the threat were given, followed by the clear and direct admonition by the state trial court. The denial of relief on this issue by the state courts was not contrary to or an unreasonable application of Supreme Court law, and the petitioner is not entitled to relief on this claim.

## Certificate of Appealability

Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

In cases where the Court has rejected a petitioner's constitutional claims on substantive grounds, a petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005), *quoting Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In the instant case, the Court finds that reasonable jurists would not debate the denial of defendant's application or the correctness of the substantive ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

**RECOMMENDATION**

It is recommended that the petitioner's application for habeas corpus relief be denied, and that this proceeding be dismissed with prejudice. It is further recommended that in the event the petitioner pursues an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on September 16, 2019.

**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**